## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**
         **v.**                              **Criminal Action No. 17-CR-231**
**PETER W. FARNUM,**                **Hon. Norman A. Mordue**
           **Defendant.**

                             **Notice of Motion Pursuant to FRCP 29(c)**

    **PLEASE TAKE NOTICE**, at a Term held in the New York Northern District, on the _____ day

of June, 2018 or as soon thereafter as may be heard, before the Honorable Norman A. Mordue, Senior

U.S. District Judge, the undersigned, intends to move this Court for a Judgment pursuant to FRCP

29(c) against the Verdict, and for such other relief as this court deems just and proper.

Dated:  June 19, 2018

                                Respectfully submitted,

                                *Electronically signed*
                                Cheryl Coleman, Esq.
                                Federal Bar Roll No.: 511050
                                Attorney for the Defendant
                                90 State Street, Suite 1400
                                Albany, New York  12207
                                518-436-5790

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 17-CR-231** |
| **PETER W. FARNUM,** | **Hon. Norman A. Mordue** |
| **Defendant.** | |
| | **Attorney's Affirmation in Support of Motion** |

Cheryl Coleman, an attorney duly licensed to practice law in the State of New York, and before the Northern District of New York, affirms under penalty of perjury as follows:

1.  That I am the attorney for Peter W. Farnum and make this application for the post verdict relief requested herein.

2.  That I was trial counsel for defendant and as such am fully familiar with the facts and circumstances stated herein.

3.  That defendant was tried upon a single count indictment charging him with Possession of Child Pornography, in violation of Title 18 USC 2252A(a)(5)(B). The indictment charged that defendant possessed child pornography between October 2015 and April 2016 in the Northern District of New York.

4.  Defendant's jury trial commenced May 22, 2018 in the Northern District of New York before this Court. It lasted three weeks, including 3 days of jury deliberations, during which time the jury declared itself deadlocked. Ultimately, the jury convicted defendant. However, oddly enough, the jury found that none of the images possessed were of females under the age of 12, a point which defense did not contest, and defendant actually acknowledged while testifying when shown several images.

5.  Initially, defendant respectfully urges this Court erred in denying defendant's challenge for cause as to a prospective juror who could not unequivocally guarantee impartiality, stating, when pressed only that she would try. Defendant was forced to peremptorily challenge the juror, and ultimately exhausted all of his peremptory challenges.

6.   Secondly, defendant respectfully urges error in the Court's admission into evidence of the computer evidence due to an incomplete and flawed chain of custody.  The Court held that the chain of custody issue was a jury question, and ultimately allowed admission.  However, the gaps in the chain, including the mismatched MD-5 hash values between Computer Forensic Expert Eno and FBI computer scientist Link, shows that the gaps  in the chain of custody went right to the heart of the integrity and reliability of the evidence – in other words, to its admissibility, not just to its weight.

7.   The aforementioned defects were exacerbated by the spoliation of evidence under the custody of Mr. Spaulding/Ms. Eno.  And the second hard drive, created by Spalding, was lost forever due to damage, robbing defendant, and ultimately the jury, of the opportunity to judge the authenticity of the computer evidence.  Even the Government's expert agreed there were "anomalies" in the chain of custody of the computer evidence.

8.   Finally, the jury's verdict, which followed three days of deliberations, a deadlock note, and two *Allen* charges, was inconsistent and illogical for the reasons stated in paragraph 4.

9.   In light of the aforementioned, pursuant to FRCP 29(c) a judgement of acquittal should be entered on defendant's behalf.

**WHEREFORE**, defendant respectfully moves for a judgment of acquittal pursuant to FRCP 29(c) and for such other relief as may seem proper.

Dated:  June 19, 2018

Respectfully submitted,

*Electronically signed*
Cheryl Coleman, Esq.
Federal Bar Roll No.: 511050
Attorney for the Defendant
90 State Street, Suite 1400
Albany, New York  12207
518-436-5790

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 17-CR-231** |
| **PETER W. FARNUM,** | **Hon. Norman A. Mordue** |
| **Defendant.** | **Attorney Affirmation of Service** |

Upon penalty of perjury, I affirm that on June 19, 2018 I served true copies of the Notice of Motion

Pursuant to FRCP 29(c) and Attorney's Affirmation in Support of Motion of Cheryl Coleman, Esq.,

upon Hon. Norman  A. Mordue and Assistant U.S. Attorney Joseph Giovannetti, by electronic filing

and upon the defendant Peter W. Farnum by first class mail.

Dated:  June 19, 2018

Respectfully submitted,

*Electronically signed*
Cheryl Coleman, Esq.