**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **v.**                                                    **1:17-CR-231 (NAM)**

**PETER W. FARNUM,**

               **Defendant.**
_____

**APPEARANCES:**

For United States of America:
Grant C. Jaquith,
United States Attorney
Joseph A. Giovannetti, Wayne A. Myers
Assistant United States Attorneys
Office of United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207

For Peter W. Farnum:
George F. Hildebrandt
Office of George F. Hildebrandt
300 Crown Building
304 South Franklin Street
Syracuse, NY 13202

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      On August 24, 2017, Defendant Peter W. Farnum was charged with one count of

Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); it was further

charged that the offense involved images of child pornography involving one or more

prepubescent minors who had not attained 12 years of age, in violation of 18 U.S.C. §

1

2252A(b)(2).  (Dkt. No. 9).  Trial commenced on May 22, 2018.  After the Government rested

its case, Defendant moved for a judgment of acquittal under Rule 29(a) of the Federal Rules of

Criminal Procedure; the Court denied the motion.  On June 5, 2018, the jury returned a verdict

of guilty against Defendant on Count 1 of the Indictment, Possession of Child Pornography.

(Dkt. No. 80).  As to whether the offense involved images of child pornography involving one

or more prepubescent minors who had not attained 12 years of age, the jury answered "No."

(*Id.*).  Now before the Court is Defendant's renewed motion for judgment of acquittal under

Rule 29(c).  (Dkt. No. 83).  The Government opposes the motion.  (Dkt. No. 94).  For the

following reasons, Defendant's motion is denied.

## II.      STANDARD OF REVIEW

Rule 29 provides that "the court on the defendant's motion must enter a judgment of

acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R.

Crim. P. 29(a).  "The test for sufficiency is whether, as to a given count, a 'rational trier of fact

could have found the defendant guilty beyond a reasonable doubt.'"  *United States v. Persico*,

645 F.3d 85, 104 (2d Cir. 2011) (quoting *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.

2003)).  The Second Circuit has instructed that the Court "must make that determination with

the evidence against a particular defendant viewed in a light that is most favorable to the

government, and with all reasonable inferences resolved in favor of the government."  *United

States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (internal quotation marks, brackets, and

ellipses omitted).  "Viewing the evidence in the light most favorable to the government means

'crediting every inference that the jury might have drawn in favor of the government.'"  *Id*.

(quoting *United States v. Temple*, 447 F.3d 130, 136–37 (2d Cir. 2006)).  "The conviction must

be upheld if "*any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). "A 'heavy burden' therefore must be borne by one who would challenge a guilty verdict." *Temple*, 447 F.3d at 137 (quoting *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003)). "[I]n passing upon a motion for directed verdict of acquittal," however, "'if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted.'" *Id.* (quoting *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972)).

## III.    DISCUSSION

For his Rule 29(c) motion, Defendant has submitted an affidavit which advances the following arguments: 1) the Court erred "in denying defendant's challenge for cause as to a prospective juror who could not unequivocally guarantee impartiality"; 2) the Court erred in admitting into evidence "the computer evidence due to an incomplete and flawed chain of custody"; and 3) the jury's verdict was "inconsistent and illogical." (Dkt. No. 83, ¶¶ 5–8). However, these arguments do not relate to the sufficiency of the evidence adduced at trial, which is the only proper basis for a Rule 29 motion. *See* Fed. R. Crim. P. 29(a); *see also United States v. Wilson*, No. 14-CR-0273, 2016 WL 8671072, at *3, 2016 U.S. Dist. LEXIS 192240, at *12 (N.D.N.Y. Apr. 14, 2016) (finding that the defendant's arguments related to "earlier evidentiary rulings and not to the sufficiency of the evidence adduced at trial" were not grounds for Rule 29 relief); *United States v. Villaneuva*, No. 91 CR. 976, 1992 WL 147668, at *1, 1992 U.S. Dist. LEXIS 8272, at *3 (S.D.N.Y. June 15, 1992) (finding that challenges to the "chain of custody for the narcotics admitted into evidence" and the "admissibility of the tape evidence" were not grounds for Rule 29 relief "because they do not attack the sufficiency of the evidence").

Out of an abundance of caution, the Court will address Defendant's arguments, all of which are without merit.[1]  First, Defendant argues that the Court "erred in denying defendant's challenge for cause as to a prospective juror who could not unequivocally guarantee impartiality, stating, when pressed only that she would try."  (Dkt. No. 83, ¶ 5).  According to Defendant, he "was forced to peremptorily challenge the juror, and ultimately exhausted all of his peremptory challenges."  (*Id.*).  As an initial matter, Defendant has not indicated which juror allegedly should have been excused or cited to any portion of the *voir dire* proceedings in support of this assertion.  Nonetheless, the Court has reviewed the transcript and attempted to identify whom Defendant is referring to.  During *voir dire*, Defendant challenged Jurors 18 and 47 for cause on the basis that they "could not give a guarantee of fairness" or a "guarantee as to her impartiality."  (Dkt. No. 89, pp. 58, 102)  However, the Court specifically inquired as to the fairness and impartiality of these jurors, as follows:

> THE COURT: Can you think of anything that I should ask of you that has not been asked?
> JUROR NO. 18: I just worked with a lot of students who have been sexually abused. And last year had an intense case and it was supposed to go to a criminal trial with her dad that abused her. I would love to be on the jury, I'm just worried that I would have an emotional response. Just being genuine and honest. I'm already having an emotional response but I'll do my best, but I'm worried.
> THE COURT: You may have an emotional response but that wouldn't be an unnatural thing. The key is this. Will you render your verdict based on what you hear in this courtroom, the witnesses that come in and the law that I give you?
> JUROR NO. 18: I would do my best.
> THE COURT: It may be emotional. It may be emotional for me to hear it, too. Can you assure the parties you will do that?
> JUROR NO. 18: Do my best.
>
> * * * * *

---

[1] Defendant has not moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, which states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  As explained herein, Defendant has not raised any basis for Rule 33 relief either.

> THE COURT: Can you assure both parties here you will give them a fair and
> impartial verdict based on the facts and the law and that's it?
> JUROR NO. 47: Yes.

(Dkt. No. 89, pp. 34, 75).  Based on these exchanges and those with counsel, the Court denied

the challenges, and Defendant ultimately used peremptory challenges to dismiss both jurors.

(*Id.*, pp. 59–60, 102–103).  Upon further review, the Court finds no error.  Moreover, even if

these particular jurors were biased in some way, Defendant cured any potential prejudice by

dismissing them peremptorily; he does not argue that the jury that actually rendered verdict was

biased or unfair.  Accordingly, Defendant's first argument is without merit.  *See United States v.*

*Martinez-Salazar*, 528 U.S. 304, 307 (2000) ("We hold, however, that if the defendant elects to

cure such an error by exercising a peremptory challenge, and is subsequently convicted by a

jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional

right."); *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) ("So long as the jury that sits is impartial,

the fact that the defendant had to use a peremptory challenge to achieve that result does not

mean the Sixth Amendment was violated."); *United States v. Estremera*, 282 F. App'x 935, 937

(2d Cir. 2008) ("Even if Juror 35 should have been removed for cause, Estremera's use of a

peremptory challenge to remove Juror 35 is fatal to his claim.").

      Second, Defendant argues that the Court erred in the "admission into evidence of the

computer evidence due to an incomplete and flawed chain of custody."  (Dkt. No. 83, ¶ 6).

Defendant claims that "the gaps in the chain, including the mismatched MD-5 hash values

between Computer Forensic Expert Eno and FBI computer scientist Link, shows that the gaps in

the chain of custody went right to the heart of the integrity and reliability of the evidence – in

other words, to its admissibility, not just to its weight."  (*Id.*).  At trial, the Government

introduced as evidence Exhibit 1, the hard drive containing the charged child pornography,

through the testimony of FBI computer scientist Roderick Link.  (Dkt. No. 90, pp. 10–17).

Defendant claimed there were gaps in the chain of custody for the hard drive, but the Court

overruled his objection, stating as follows:

> THE COURT: Overruled. It's a question for the jury whether or not this has been
> altered in any way and if there is a proper chain of evidence, whether it's the same
> hard drive that was taken by TJ, was his name, and given back to Ms. Seymour
> and sent on to Montana. It's for you to decide based on what you've heard if there
> is any alteration. Go ahead.

(*Id.*, p. 17).  As the Court noted at trial, alleged gaps in the chain of custody "do not bear upon

the admissibility of evidence, only the weight of the evidence."  *United States v. Jackson*, 345

F.3d 59, 65 (2d Cir. 2003) (internal quotation marks omitted).  The chain of custody is simply a

method of authentication for physical evidence.  *See* Fed. R. Evid. 901(a) ("To satisfy the

requirement of authenticating or identifying an item of evidence, the proponent must produce

evidence sufficient to support a finding that the item is what the proponent claims it is.").

At trial, FBI computer scientist Link testified as to how the hard drive made its way from

Defendant's home in Clifton Park, New York, to a local computer repair man, TJ Spaulding, to

a computer forensics expert in Montana, Donna Eno, and ultimately to the FBI.  (Dkt. No. 90,

pp. 12–17).  Link also explained in detail why there was a discrepancy in the "MD-5 hash

value," the unique algorithm identifying the hard drive data, between his copy of the hard drive

versus the one made by Donna Enno.  (*Id.*, pp. 43–44, 125–128).  Therefore, the Government

introduced sufficient evidence to authenticate the hard drive, and Defendant's argument as to the

chain of custody is without merit.  *See also United States v. Bout*, 651 F. App'x 62, 64 (2d Cir.

2016) ("The minor breaks in custody that [the defendant] highlights do not affect the

admissibility of exhibits related to the Bout Laptop in light of the detailed testimony from the

various DEA agents and other individuals who were responsible for ensuring the safe transport

of this item and making a forensic copy. [Defendant's] pure speculation that this drive could possibly have been tampered with during short breaks in the chain of custody might have created a sliver of doubt as to its authenticity, but the government is not required to 'rule out all possibilities inconsistent with authenticity.'") (citation omitted); *United States v. Gasperini*, No. 16-CR-441, 2017 WL 3140366, at *6, 2017 U.S. Dist. LEXIS 114166, at *15 (E.D.N.Y. July 21, 2017) ("Defendant separately argues that evidence obtained from the hard drives should be excluded because 'the government failed to produce any evidence of a proper chain of custody.' This challenge, too, fails. So long as the Government meets its burden of authenticating the hard drives, challenges to chain of custody go only to the weight of the evidence.").

Next, Defendant argues that "[t]he aforementioned defects were exacerbated by the spoliation of evidence under the custody of Mr. Spaulding/Ms. Eno.  And the second hard drive, created by Spalding, was lost forever due to damage, robbing defendant, and ultimately the jury, of the opportunity to judge the authenticity of the computer evidence." (Dkt. No. 83, ¶ 7).  First, it is not clear any spoliation occurred; as the Government points out, "the defendant was always free to examine the external hard drive and, if he felt appropriate, seek to have it repaired." (Dkt. No. 94, p. 11).  Moreover, Defendant does not explain how the loss of (or damage to) the second hard drive, which was merely a copy of Exhibit 1, provides any basis for acquittal. There was ample evidence connecting Defendant to the child pornography contained on the original hard drive, Exhibit 1.  (*See, e.g.*, Dkt. No. 90, pp. 119–126, Dkt. No. 95, pp. 87–89) (testimony describing forensic evidence of child pornography downloaded on December 29, 2015 to Exhibit 1, using Defendant's account, while his wife was in the hospital) .  There is no indication whatsoever that evidence from the second hard drive would have shown otherwise.

Finally, Defendant argues that "the jury's verdict, which followed three days of deliberations, a deadlock note, and two *Allen* charges, was inconsistent and illogical for the reasons stated in paragraph 4." (Dkt. No. 83, ¶ 8). The referenced paragraph simply observes that: "Ultimately, the jury convicted defendant. However, oddly enough, the jury found that none of the images possessed were of females under the age of 12, a point which defense did not contest, and defendant actually acknowledged while testifying when shown several images." (*Id.*, ¶ 4). Defendant was convicted of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Dkt. No. 80). That offense is defined to include images and videos of persons under the age of eighteen years-old. *See* 18 U.S.C. § 2256(1) (defining "minor" as "any person under the age of eighteen years"). The fact that the jury separately found that the offense did not involve images of child pornography with one or more prepubescent minors who had not attained 12 years of age (which would trigger a sentencing enhancement under 18 U.S.C. § 2252A(b)(2)), does not conflict with the crime of conviction. Therefore, the Court finds no inconsistency in the jury's verdict and Defendant's final argument is without merit.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion for judgment of acquittal (Dkt. No. 83) is **DENIED**.

**IT IS SO ORDERED.**

Date:   September 10, 2018
       Syracuse, New York

**Norman A. Mordue**
**Senior U.S. District Judge**

8